**JIAN QING KE, also Known as Jianqing Ke, also Known as Jian–Qing Ke, also Known as Jianquig Ke, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–0455–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2009.

Jian Qing Ke, pro se, North Las Vegas, NV, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Craig A. Newell Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner, Jian Qing Ke, a native and citizen of the People's Republic of China, seeks review of a January 8, 2009 order of the BIA denying his motion to reopen his deportation proceedings. *In re Jian Qing Ke,* No. A 070 898 864 (B.I.A. Jan. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). We find that the BIA did not err in denying Ke's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006).

We find no error in the BIA's conclusion that Ke failed to exercise due diligence in pursuing his ineffective assistance of counsel claim. *See id.* In his motion, Ke asserted that his attorney before the IJ failed to adequately prepare him for his merits hearing and obtain evidence in support of his application for relief. Although Ke asserted that he did not discover his attorney's ineffective assistance until September 2008, shortly before he filed his motion, he did not explain what steps he took to pursue his case in the six years that elapsed after the BIA's order affirming the IJ's decision denying his application for relief. Moreover, as the BIA noted, Ke was represented by a different attorney during that intervening period. Therefore, as the BIA reasonably found, Ke failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. *See Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir.2008) (finding that an alien is required to exercise due diligence in pursuing his case both before and after he or she has or should have discovered the alleged ineffective assistance).

In his brief before this Court, Ke asserts for the first time that his attorney on appeal before the BIA had an ongoing affiliation with the attorney who was allegedly ineffective. We decline to address this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).